**From: The District Court of the 8th Judicial District.**
**County of Cascade.**

**STATE OF MONTANA,**
Plaintiff, **No. BDC-02-120(a)**

vs. **Decision**
**ALAN J. REAVLEY,**
 **Defendant.**

On March 3, 2003, the defendant was sentenced to the following: Count I: Theft, a felony: Ten (10) year commitment to the Department of Corrections, with five (5) years suspended; Count II: Theft, a felony: Ten (10) year commitment to the Department of Corrections, with five (5) years suspended; Count III: Theft, a felony: Ten (10) year commitment to the Department of Corrections, with five (5) years suspended; Count IV: Theft, a felony: Ten (10) year commitment to the Department of Corrections, with five (5) years suspended; and Count V: Theft, a felony: Ten (10) year commitment to the Department of Corrections, with five (5) years suspended. The sentences shall run consecutively with one another.

On August 21, 2003, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Channing Hartelius. The state was represented by Brant Light.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

The Division finds that the reasons advanced for modification are sufficient to hold that the sentence imposed by the District Court is clearly excessive.

Therefore, it is the unanimous decision of the Sentence Review Division that the sentence shall be amended as follows: Count I: Ten (10) year commitment to the Department of Corrections, with six (6) years suspended; Count II: Ten (10) year commitment to the Department of Corrections, with six (6) years suspended; Count III: Ten (10) year commitment to the Department of Corrections, with six (6) years suspended; Count IV: Ten (10) year commitment to the Department of Corrections, with six (6) years suspended; and Count V: Ten (10) year commitment to the Department of Corrections, with six (6) years suspended. The sentences shall run consecutively with one another.

The net effect of the sentence is a fifty (50) year commitment to the Department of Corrections, with thirty (30) years suspended. The

conditions of probation and parole shall be the same as those imposed by Judge McKittrick.

The portion of the sentence that provides for the amount of time to be served as a Department of Corrections inmate is excessive, based on the fact that the defendant has no prior felony convictions. The nature of the offense requires a substantial period of commitment and that any sentence imposed provide for supervision of the defendant for the likely remainder of his life. The contention by the defendant that the restitution obligation either was imposed without taking into account the defendant's ability to pay or that the restitution obligation has been satisfied by other means needs to be addressed by the sentencing judge, as well as any issues concerning the necessity for continuation of the constructive trust.

Done in open Court this 21st day of August, 2003.

DATED this 8th day of September, 2003.

Chairperson, Hon. Katherine R. Curtis, Member, Hon. Marc G. Buyske and Member, Hon. Gary Day.